

United States District Court
Southern District of Texas
FILED

MAR 0 7 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RANCHO del CIELO ASSOCIATES, Ltd., ET AL. § § § § § VS. § § BROWNSVILLE HOUSING AUTHORITY § AND HARLINGEN HOUSING AUTHORITY § | CASE NO. B-02-039 |

### PLAINTIFFS' EMERGENCY APPLICATION FOR PRELIMINARY INJUNCTION

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES**, Rancho del Cielo Associates, Ltd., (hereinafter sometimes referred to as "Rancho I""), Rancho del Cielo Associates II, Ltd., (hereinafter sometimes referred to as "Rancho II"), Valley Resaca Palms, L.P., (hereinafter sometimes referred to as "Valley'), Harlingen Sundance Apartments, L.P., (hereinafter sometimes referred to as "Sundance"), and Paseo Plaza Apartments, L.P., (hereinafter sometimes referred to as "Paseo"), complaining of the Brownsville Housing Authority (hereinafter sometimes referred to as "BHA") and the Harlingen Housing Authority, (hereinafter sometimes referred to as "HHA"), and for cause of action, the Plaintiffs would show the Court as follows:

**1. THIS MOTION SEEKS A PRELIMINARY INJUNCTION ON AN EMERGENCY BASIS TO AVOID FINANCIAL DISASTER PURSUANT TO F.R.C.P. 65.**

2. Rancho I, Rancho II, Valley, Sundance and Paseo shall hereinafter sometimes be referred to collectively as "Plaintiffs." BHA and HHA shall hereinafter sometimes be referred to collectively as "Defendants."

1

3. The following is the legal status of each of the Plaintiffs herein: Rancho del Cielo Associates, Ltd. is a Texas limited partnership doing business in Cameron County, Texas; Rancho del Cielo Associates II, Ltd. is a Texas limited partnership doing business in Cameron County, Texas; Valley Resaca Palms, L.P. is a Texas limited partnership doing business in Cameron County, Texas; Harlingen Sundance Apartments, L.P. is a Texas limited partnership doing business in Cameron County, Texas; and Paseo Plaza Apartments, L.P. is a Texas limited partnership doing business in Cameron County, Texas.

4. BHA is a political subdivision that conducts all of its business in Cameron County, Texas. It manages and supervises low income housing in the City of Brownsville, Texas. HHA is a political subdivision that conducts all of its business in Cameron County, Texas. It manages and supervises low income housing in the City of Harlingen, Texas.

5. Plaintiffs are investors and owners in certain apartments located in Cameron County, Texas that participate in the low income housing programs administered by the Texas Department of Housing and Community Affairs. The Plaintiffs were enticed to invest and did invest and participate in the low income housing program in Brownsville and Harlingen based upon Federal Income Tax Credits from the Low Income Housing Tax Credit Program, Section 42 of the Internal Revenue Code.

6. Section 42 of the Internal Revenue Code requires that the rents charged for the property to low income tenants not exceed a certain amount based in part on a Utility Allowance set by the local Public Housing Authority. BHA and HHA adopted a revised utility allowance on December 1, 2001. These new utility allowances must be acted upon by the Plaintiffs by March 1, 2002. The new allowances increased the rates for utilities by approximately 300 percent in Brownsville and Harlingen. This creates a situation in which the Plaintiffs must greatly reduce rents charged to low income housing tenants starting March 1, 2002 or tax deductions and/or credits will be lost.

Therefore, the Plaintiffs will be operating at a significant loss after March 1, 2002.. The Plaintiffs are now facing financial disaster and the new utility allowances may cause a large portion of the (tax program) low income housing projects owned by the Plaintiffs, and by other similar owners, to be closed and/or foreclosed upon by banking and financial institutions.

7. The said utility allowance increases in the utility allowances were not rationally based and are subject to being declared illegal, null and void by this court. In fact, BHA stated in a letter delivered recently to Plaintiff, Valley Resaca Palms, L.P., the following: "[t]he present utility schedule that went into effect 12/1/01 is not a realistic schedule that we can afford to continue using. This will truly damper owner interest in renting to our voucher holders." A true and correct copy of said letter is attached hereto as **Exhibit "A"** and incorporated herein by reference for all purposes.

8. The revised utility allowance at issue that was adopted by both BHA and HHA was not rationally based. The December 1, 2001 increase did not relate to any significant increase in the cost of utilities nor can it be rationally explained. Plaintiffs will show that many other housing authorities in South Texas have much lower utility allowances. These other housing authorities have utility rates substantially identical to those in Brownsville and Harlingen, Texas. The result of the said utility allowance increases at issue unfairly and unjustly deny to the Plaintiffs the reasonable profits they are entitled to receive in renting their properties to low income tenants. The actions of the governmental entities at issue have taken away property rights of the Plaintiffs without proper due process and have unjustly interfered with numerous landlord-tenant contracts. Such actions have violated the Plaintiffs' constitutional rights under both the Texas and United States Constitutions, (U.S. Const'n, Amendment 14 and Texas Const'n, Art. 1, Section 19, "due process," U.S. Const'n, Amendment 14 and Texas Const'n Art. 1, Section 3 and 3a, "equal protection," and U.S. Const'n Art. 1, Section 10, Cl. 1, and Texas Const'n, Art. 1, Section 16, "contracts clause").

3

9. The Defendants further violated the Plaintiffs' rights by not following the federal regulations that determine how the utility allowance is set and determined. See e.g., 24 C.F.R. §982.517. In said federal regulation, it states: "(b) How allowances are determined. The utility allowance schedule must be determined based upon the typical cost of utilities and services paid by energy-conservative households that occupy housing of similar size and type in the same locality. In developing the schedule, the PHA must use normal patterns of consumption for the community as a whole and current utility rates." 24 C.F.R. §982.517(b). The Defendants failed to follow these standards in adopting the new utility allowances at issue. Instead, the Defendants utilized data from outside of the local community in violation of the regulation at issue.

10. **APPLICATION FOR PRELIMINARY INJUNCTION**: Under the facts and law set forth hereinabove, the Plaintiffs are entitled to a Preliminary injunction enjoining the Defendants from implementing and enforcing the said utility allowances at issue adopted by the Defendants on or about December 1, 2001. Plaintiffs are seeking to obtain an injunction that would enjoin the Defendants from enforcing the newly adopted utility allowances and Order the Defendants to use the pre-December 1, 2001 utility allowances that had been in effect for approximately nine years, at least until a new study can be conducted using the proper legal standards. Plaintiffs seek to preserve the status quo until a final hearing on the merits can be had before this court. The facts of this case, as set forth herein, demonstrate a likelihood that the Plaintiffs will succeed on the merits of this case because BHA already admits that the allowance increase was unreasonable and "not realistic." The Defendants cannot legally enact increases that are not rationally based. Further, the Plaintiffs will suffer irreparable harm if the said utility allowance increase of December 1, 2001 are not stopped from taking effect until final hearing in this cause because if the said allowances go into effect and are enforced, the Plaintiffs will be subjected to financial ruin from which they most likely

4

will not be able to survive. Plaintiffs' existence may well depend upon enjoining the Defendants from enforcing the said utility allowance increase at issue. Irreparable harm is also demonstrated by the Plaintiffs because: (1) on-going constitutional violations by governmental agencies always constitutes irreparable harm; (2) injunctive remedies that are provided by statute or federal regulation negates and necessity to show irreparable harm; and (3) the inability to collect monetary damages because of legal barriers, such as governmental immunity, constitutes irreparable harm under case law. Plaintiffs do not admit that the Defendants are protected from monetary damages because of governmental immunity but in the event that the Court rules that governmental immunity applies to Plaintiffs' claims for money damages, this would be a ground for arguing that irreparable harm exists. After entering the Preliminary injunction, Plaintiffs request that the Preliminary injunction extend until the final trial on the merits.

11. Plaintiffs further request that a reasonable bond be set on the Preliminary injunction.

12. **PERMANENT INJUNCTION**: After final trial hereof, Plaintiffs respectfully request that the Court grant to the Plaintiffs a permanent injunction enjoining the Defendants from implementing and enforcing the said utility allowance increase at issue, for all of the reasons and authorities described herein above.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs, Rancho del Cielo Associates, Ltd., Rancho del Cielo Associates II, Ltd., Valley Resaca Palms, L.P., Harlingen Sundance Apartments, L.P., and Paseo Plaza Apartments, L.P., respectfully request after a Preliminary injunction hearing, that the Plaintiffs be granted a Preliminary injunction enjoining the Defendants from implementing and enforcing the said utility allowance increase adopted by the Defendants on or about December 1, 2001 described hereinabove for the reasons and authorities cited herein. Plaintiffs further request that a reasonable bond be set by the Court. Plaintiffs further request such other and further relief, special or general, legal or equitable, as the Plaintiffs show the Court they

are justly entitled to receive.

> Respectfully submitted,
>
> **LAW OFFICES OF WILLIAM F. KIMBALL**
> 312 E. Van Buren
> Harlingen, Texas 78551
> Tel. (956) 425-2000
> Fax No. (956) 421-4258
>
> BY: _____
> William Kimball
> State Bar #11418700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing pleading has been mailed by certified mail, return receipt requested, to: Mr. Ricardo Morado, **Roerig, Oliveira & Fisher, L.L.P.** 855 W. Price Road, Suite 9, Brownsville, Texas 78504, on this the 7th day of March, 2002.

_____
William Kimball

IN THE UNITED STATES DISCTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RANCHO del CIELO ASSOCIATES, Ltd., ET AL. § § § § § VS. § § § BROWNSVILLE HOUSING AUTHORITY § AND HARLINGEN HOUSING AUTHORITY § | CASE NO. B-02-039 |

ORDER SETTING PRELIMINARY INJUNCTION HEARING

IT IS HEREBY ORDERED THAT a hearing on Plaintiffs' Motion for Preliminary Injunction is hereby set for the _____ day of _____, 2002, at _____ 0'clock, __.m., before the United States District Court in Brownsville, Texas.

Done at Brownsville, Texas on this _____ day of _____, 2002.

_____
UNITED STATES DISTRICT JUDGE